UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **CAROLYN MCKENZIE,** an Individual residing in the City of South Portland and State of Maine, </br></br>          Plaintiff, </br></br> v. </br></br> **R&E ASSOCIATES,** a Maine Corporation, </br></br> **THOMAS WELLMAN,** an Individual residing in the Town of Kennebunk and State of Maine, </br></br> **STRATEGIC EMPLOYEE BENEFIT SERVICES OF NORTHERN NEW ENGLAND, LLC,** a New Hampshire Limited Liability Company, </br></br> **and** </br></br> **CHALMERS FINANCIAL SERVICES, LLC,** a Maine Limited Liability Company, </br></br>          Defendants | Case No. _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(INJUNCTIVE RELIEF REQUESTED)**

Plaintiff Carolyn McKenzie, by and through undersigned counsel, hereby complains against Defendants as follows:

**INTRODUCTION**

1.      This case arises under the Federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.; Maine's Wage and Hour Law ("MWHL"), 26 M.R.S. § 664 *et seq*., Maine's Timely and Full Payment of Wages Law, 26 M.R.S. § 621-A and 626; the common law;

1

and the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*

2. This case challenges the Defendants': (1) failure to pay Plaintiff overtime under Federal and State law; (2) failure to pay Plaintiff wages owed upon cessation of employment; (3) interference with rights under ERISA; and (4) breach of fiduciary duty under ERISA.

## THE PARTIES

3. Plaintiff Carolyn McKenzie ("Ms. McKenzie") is an individual residing in the City of South Portland, County of Cumberland, and State of Maine.

4. Defendant R&E Associates ("R&E") is a duly organized Maine Corporation with a principal place of business in the Town of Kennebunk, County of York, and State of Maine.

5. Defendant Thomas Wellman is an individual residing in the Town of Kennebunk, County of York, and State of Maine.

6. At all times herein relevant, Ms. McKenzie was an employee of R&E, reporting directly to the owner of the company, Defendant Thomas Wellman ("Wellman").

7. R&E is a property and condominium association management company that has employed approximately 15 individuals in each of 20 or more calendar weeks during the current and/or preceding calendar year.

8. R&E is engaged in interstate commerce within the meaning of the FLSA and it has annual revenue that exceeds $500,000.00.

9. Between 2012 and 2016, Defendant Strategic Employee Benefits Services of Northern New England, LLC ("SEBS") was a New Hampshire Limited Liability Company that provided employee benefit advisory services to employers like R&E.

10. Between 2012 and 2016, SEBS employed Dean DeMario as an employee benefits specialist.

11. In 2016, Chalmers Financial Services, LLC ("Chalmers") acquired SEBS and Dean DeMario became the Director of Business Development for Group Benefits.

## JURISDICTION AND VENUE

12. Venue is proper in this Court because all of the events alleged herein occurred in the County of York and State of Maine.

13. The Court has federal question subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

## BACKGROUND FACTS

14. R&E hired Ms. McKenzie on May 7, 2007 to work as a receptionist.

15. R&E paid Ms. McKenzie an hourly wage of $12.00 hour; Plaintiff was never paid on a salary basis.

16. As a receptionist, Ms. McKenzie's job duties did not meet any of the exemptions from the requirement to pay overtime under the FLSA or the MWHL.

17. R&E instructed Ms. McKenzie to write down on her daily time sheets that she began work at 8:00 am and left at 5:00 pm, with an hour for lunch.

18. In reality, Ms. McKenzie often started work at or shortly after 7:00 am each day.

19. Wellman is the President of R&E and was Plaintiff's direct supervisor throughout her employment.

20. Wellman was often present when Ms. McKenzie would begin work before 8:00 am, and he was aware of the overtime hours that Ms. McKenzie worked for R&E.

21. Most days, Ms. McKenzie did not take a full hour-long lunch break.

22. At least 4 days per week, Ms. McKenzie worked an estimated 1.5 hours more than what she was told to write on her timesheet, for an estimated 6 hours of overtime worked in approximately 50 weeks of every year worked at R&E.

23. R&E failed to keep accurate records of hours worked by employees, in violation of the FLSA.

24. In June of 2007, Ms. McKenzie enrolled in and became a participant of the Aetna Group Health Insurance Plan known as the "Maine Small Group Business" plan ("the Plan").

25. Defendant R&E sponsored the Plan.

26. Although Ms. McKenzie was a Medicare beneficiary, she needed prescription drug coverage through the Plan due to certain serious health conditions such as Type II diabetes, which requires her to take expensive medications on a regular basis.

27. In 2012, Wellman told Ms. McKenzie that her health insurance coverage was too expensive; he therefore asked Ms. McKenzie to unenroll in the Plan.

28. Wellman said that he would save money if Ms. McKenzie no longer participated in the Plan. Instead, he offered to reimburse her for out of pocket prescription drug expenses.

29. Aside from a one-time direct deposit payment of $500.00, Wellman did not reimburse Ms. McKenzie for her ongoing out of pocket expenses for prescription drugs, which were more than $1,000.00 per month.

30. When Ms. McKenzie asked Wellman when she would be reimbursed for these prescription drug costs, he repeatedly promised to compensate her for the difference between what she was paying out of pocket, and what she would have paid if she had remained on the company's insurance.

31. Wellman also asked another older employee with the initials SR to stop participating in the Plan.

32. Younger employees received the benefit of approximately $350.00 per month in employer-paid health insurance premiums, which Ms. McKenzie did not receive after 2012.

33. Ms. McKenzie complained to Wellman on June 27, 2012 that her out of pocket expenses for prescription drugs was outrageous and there were no good options for Medicare supplement plans, but he did not respond to these concerns or allow Plaintiff to re-enroll in R&E's Plan.

34. In 2016, Ms. McKenzie's daughter wrote an email to Wellman raising concerns with him about the fact that Plaintiff had not been reimbursed for her out of pocket medical costs as promised.

35. Ms. McKenzie sent Wellman three separate emails in 2016 complaining about R&E's illegal refusal to allow her to participate in the Plan.

36. Ms. McKenzie specifically told Wellman that she had contacted the Bureau of Insurance to confirm that it was illegal to refuse to enroll her in the Plan.

37. The Plan is an employee welfare benefit plan within the meaning of ERISA.

38. R&E exercised discretion over Ms. McKenzie's right to continue participating in the Plan, and therefore with regard to Plaintiff, R&E acted as both a Plan fiduciary and an administrator.

39. Defendant R&E relied on the specific advice of SEBS's agent Dean DeMario in telling Ms. McKenzie she could no longer participate in the Plan.

40. Chalmers is a successor in liability to Defendant SEBS, and Dean DeMario continues to act as Chalmers' agent for purposes of advising R&E on employee group health benefits.

41. At all times herein relevant, Defendants SEBS and/or Chalmers, by and through its agent Dean DeMario, exercised discretion over who would be entitled to participate in the Plan, and therefore Defendants acted as a plan fiduciary specifically with respect to Ms. McKenzie.

42. Defendants knowingly and willfully violated Plaintiff's rights protected by various federal and state laws.

43. Defendants failed to follow the terms of the Plan in violation of ERISA.

44. With regard to the wage and hour violations described below, Maine law follows the FLSA's interpretation of who is an "employer," such that personal liability may be imposed against the owners of a closely held Maine company who directly participate in the wrongdoing giving rise to the wage and hour claim, or the economic realities of the circumstances reveal that the owners of such company control the manner and method of paying employees.

45. As set forth more fully in Counts I, II, and III below, individual liability may be imposed against Thomas Wellman notwithstanding corporate formalities, because he directly participated in the wrongdoing alleged.

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
**(29 U.S.C. § 201 *et seq*.)**
**(Defendants R&E and Wellman)**

46. Plaintiff repeats the allegations contained in Paragraphs 1 through 45 of her Complaint as if fully stated herein.

47. R&E employed Ms. McKenzie within 2 years of filing this Complaint.

48.     Throughout Plaintiff's employment, Defendant Wellman directly and knowingly participated in R&E's failure to pay Ms. McKenzie overtime.

49.     For the reasons stated above, Defendants R&E and Wellman willfully failed to pay Ms. McKenzie time-and-a-half her regular rate of pay for all hours worked over 40 in one workweek.

50.     Ms. McKenzie seeks overtime compensation under the FLSA, going back three years from the date of filing this Complaint for a willful violation of the FLSA, for an average of 6 hours of overtime per week between August 23, 2014 and the date of her separation from employment on May 12, 2017.

51.     As a result of R&E's failure to pay overtime wages due, Ms. McKenzie is entitled to unpaid overtime as well as an additional amount as liquidated damage, plus costs of suit and attorney's fees.

WHEREFORE, Plaintiff Carolyn McKenzie requests that the Court award her damages in the form of unpaid overtime, liquidated damages, attorney's fees, costs and expenses, equitable and injunctive relief, and all other relief afforded to her by law.

### COUNT II – VIOLATION OF MAINE'S WAGE AND HOUR LAW
**(26 M.R.S. § 664 *et seq*.)**
**(Defendants R&E and Wellman)**

52.     Plaintiff repeats the allegations contained in Paragraphs 1 through 51 of her Complaint as if fully stated herein.

53.     R&E employed Ms. McKenzie within 6 years of filing this Complaint.

54.     For all of the reasons set forth in Count I above, Ms. McKenzie is entitled to six years' worth of overtime compensation at a rate of one and one-half times her applicable salary from August 23, 2011 until the date of her separation from employment on May 12, 2017.

55. As a result of Defendants R&E and Wellman's failure to pay overtime wages due, Ms. McKenzie is entitled to unpaid overtime as well as an additional amount as liquidated damage, plus costs of suit and attorney's fees.

WHEREFORE, Plaintiff Carolyn McKenzie requests that the Court award her damages in the form of unpaid overtime, liquidated damages, attorney's fees, costs and expenses, equitable and injunctive relief, and all other relief afforded to her by law.

### COUNT III – VIOLATION OF MAINE'S TIMELY AND FULL PAYMENT OF WAGES LAW
### (26 M.R.S. § 621-A *et seq.*)
### (Defendants R&E and Wellman)

56. Plaintiff repeats the allegations contained in Paragraphs 1 through 55 of her Complaint as if fully stated herein.

57. In 2012, Wellman directly participated in R&E's decision to stop paying Ms. McKenzie $350.00 per month in employer contributions toward her health insurance as part of her overall compensation.

58. Ms. McKenzie lost $350.00 per month in employer contributions toward her health insurance between 2012 and 2017, for a total of approximately $21,000.00.

59. Because this employer contribution toward health insurance was part of her overall compensation, it had the same status as wages earned, promised, and due to Ms. McKenzie upon cessation of her employment.

60. Defendants R&E and Wellman's failure to pay Ms. McKenzie these wages owed upon cessation of employment, or within a reasonable time after demand, amounts to a violation of the TFPWL.

61.     Under the penalty provisions of the TFPWL, Ms. McKenzie is entitled to an amount equal to twice the amount of the unpaid employer contributions toward health insurance, plus reasonable attorney's fees, interest, and costs of suit.

WHEREFORE, Plaintiff Carolyn McKenzie requests that the Court award her damages in the form of unpaid wages, liquidated damages, attorney's fees, costs and expenses, equitable and injunctive relief, and all other relief afforded to her by law.

## COUNT IV – UNJUST ENRICHMENT
### (Defendant R&E)

62.     Plaintiff repeats the allegations contained in Paragraphs 1 through 61 of her Complaint as if fully stated herein.

63.     Plaintiff conferred a benefit on Defendant R&E by performing services for R&E as her employer.

64.     Plaintiff rendered the aforementioned services with the appreciation or knowledge of Defendants of the benefit(s) conferred.

65.     After R&E asked her to unenroll in the Plan in 2012, Ms. McKenzie lost the benefit of approximately $350.00 per month for the next five years in employer contributions toward her health insurance, which other employees of R&E continued to receive.

66.     The value of employer contributions toward health insurance that Ms. McKenzie should have received as part of her total compensation is approximately $21,000.00.

67.     Under the circumstances described above, acceptance or retention of the benefit(s) Plaintiff conferred upon R&E without full compensation for the value of services rendered would be inequitable.

WHEREFORE, Plaintiff Carolyn McKenzie requests that the Court award her damages for Defendants' unjust enrichment, disgorgement of Defendants' profits, attorney's fees, costs and expenses, interest, equitable and injunctive relief, and all other relief afforded to her by law.

### **COUNT V – QUANTUM MERUIT**
**(Defendant R&E)**

68. Plaintiff repeats the allegations contained in Paragraphs 1 through 67 of her Complaint as if fully stated herein.

69. Plaintiff rendered services to R&E in the scope of her employment in exchange for compensation, which up until 2012 included a monthly employer contribution toward health insurance of approximately $350.00.

70. When these monthly employer contributions stopped, R&E promised to compensate Plaintiff for the difference.

71. The circumstances surrounding Plaintiff's rendering of services to Defendant made it reasonable for Plaintiff to believe, and in fact Plaintiff did believe, that she would receive payment from Defendants for the value of her lost health insurance and/or employer contributions toward health insurance.

72. Under the circumstances described above, a promise to pay must be inferred.

73. All of the various services rendered by Plaintiff occurred under circumstances consistent with contractual relations.

74. Under Maine law, damages owed to Plaintiff for quantum meruit have the same status as unpaid wages, entitling Plaintiff to payment of twice that amount for liquidated damages.

WHEREFORE, Plaintiff Carolyn McKenzie requests that the Court award her damages for quantum meruit, liquidated damages, attorney's fees, costs and expenses, interest, equitable and injunctive relief, and all other relief afforded to her by law.

### COUNT VI - INTERFERENCE WITH ATTAINMENT OF BENEFITS – ERISA SECTION 510
### (29 U.S.C. § 1140)
### (Defendants R&E, SEBS, and Chalmers)

75. Plaintiff repeats the allegations contained in Paragraphs 1 through 74 of her Complaint as if fully set forth herein.

76. At all times herein relevant, Plaintiff Carolyn McKenzie had the right and was eligible to enroll in, participate in, and collect benefits from the Plan.

77. Defendant R&E discriminated against Plaintiff and interfered with her right to attain health insurance under the Plan, and employer contributions toward the Plan.

78. Defendants SEBS and/or Chalmers advised R&E to unenroll Ms. McKenzie in the Plan in order to save money.

79. Prior to 2012, Ms. McKenzie participated in the Plan and exercised her right to receive prescription drug coverage through the Plan, which was costly.

80. Defendants took adverse action against Ms. McKenzie for exercising her rights under the Plan prior to 2012, by terminating her benefits under the Plan.

81. Defendants' actions were undertaken with the specific and overt intent to interfere with Plaintiff's attainment of health insurance benefits under the Plan, in violation of ERISA § 510.

82. As a result of Defendants' discrimination and violation of ERISA § 510, Plaintiff lost approximately $350.00 per month in employer contributions toward health insurance

between 2012 and 2017, for a total of approximately $21,000.00, along with significant out of pocket expenses for prescription drugs not covered by Medicare.

WHEREFORE, Plaintiff Carolyn McKenzie requests that the Court enter judgment in her favor and against Defendants R&E, SEBS, and/or Chalmers, and grant the following appropriate equitable relief:

A. An order enjoining Defendants from continuing to interfere with the rights of older employees to participate in the Plan;

B. An order to pay restitution to Ms. McKenzie in the amount of $21,000.00, plus additional sums for the cost of her prescription drugs between 2012 and 2017;

C. Disgorgement of profits retained by R&E related to its refusal to allow Ms. McKenzie to participate in the Plan after 2012;

D. Attorney's fees and costs of suit, along with prejudgment interest; and

E. Such other and further relief as may be just and equitable.

### COUNT VII– BREACH OF FIDUCIARY DUTY UNDER ERISA § 502(a)
**(29 U.S.C. § 1132 *et seq*.)**
**(Defendants R&E, SEBS, and Chalmers)**

83. Plaintiff repeats the allegations contained in Paragraphs 1 through 82 of her Complaint as if fully set forth herein.

84. As set forth above, Defendants R&E, SEBS, and/or Chalmers acted as Plan fiduciaries when exercising discretion over Ms. McKenzie's right to continued participation in the Plan.

85. Defendants breached their fiduciary duties within the meaning of ERISA § 502.

86. Plaintiff, a participant in the Plan, suffered a direct loss as a result of Defendants' breach of fiduciary duty.

WHEREFORE, Plaintiff Carolyn McKenzie requests that the Court enter judgment in her favor and against Defendants R&E, SEBS, and/or Chalmers, and grant the appropriate equitable relief requested in Count VI above.

## JURY TRIAL DEMAND

Plaintiff Carolyn McKenzie hereby demands a jury trial on all matters so triable under the laws and Constitution of the United States and the State of Maine.

Dated:   August 23, 2017

                                         */s/ Laura H. White*
                                         _____
                                         Laura H. White, Bar No. 4025
                                         *Attorney for Plaintiff*
                                         BERGEN & PARKINSON, LLC
                                         62 Portland Rd., Suite 25
                                         Kennebunk, ME 04043
                                         (207) 985-7000
                                         *lwhite@bergenparkinson.com*